UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEN BREWER, | § § § § | |
| *Plaintiff,* | § § | Case No. _____ |
| V. | § § | |
| GASTON HOUSE TRANSITIONS, LLC, | § § § | Jury Trial Requested |
| *Defendant.* | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS DISTRICT COURT:

NOW COMES Plaintiff Ben Brewer, and files this *Original Complaint,* complaining of Defendant Gaston House Transitions, LLC, and would show the Court the following:

**I.
NATURE OF THE ACTION**

1.1. This is a suit for damages arising out of a car wreck that occurred in Idabel, Oklahoma, on September 28, 2016.

1.2. Plaintiff asserts claims for negligence, negligent entrustment, negligence *per se*, and gross negligence against Defendant, a Texas business, arising from this car wreck.

## II.
## PARTIES

2.1. **Plaintiff Ben Brewer** is an individual who resides in California and may be contacted though his counsel, as listed below.

2.2. **Defendant Gaston House Transitions, LLC,** is a limited liability company formed under the laws of the State of Texas with its principal place of business at 4511 Junius Street, Dallas, Texas 75246. It may be served with *Summons* and *Complaint* through its registered agent as follows:

> **Corporation Service Company d/b/a**
> **CSC-Lawyers Incorporating Service Company**
> **211 E. 7th Street, Suite 620**
> **Austin, Texas 78701-3218.**

## III.
## JURISDICTION AND VENUE

3.1. The Court has jurisdiction — pursuant to 28 U.S.C. § 1332 — because:

a. there is diversity of citizenship between Plaintiff Ben Brewer, an individual residing in California, and Defendant Gaston House Transitions, LLC, a company whose principal place of business is in Dallas, Texas; and

b. Plaintiff seeks more than $75,000 in damages, as the medical expenses incurred by Plaintiff far exceed this amount, and past and future non-economic damages are significant, as well.

3.2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because this is a civil action brought in the judicial district where Defendant, an LLC, resides, has its principal place of business, and is the only defendant herein. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because the district is where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## IV.
## FACTS

4.1. Plaintiff Ben Brewer ("Brewer"), 21-years old, was seeking to recover from addiction at the time of the events at issue.

4.2. In 2016, Defendant Gaston House Transitions, LLC, ("Defendant Gaston House") operated a facility hereinafter referred to as "Gaston House."

4.3. Gaston House — located at 4511 Junius Street, Dallas, Texas 75246 — is a drug and alcohol rehabilitation facility.

4.4. Defendant Gaston House planned a retreat to Oklahoma for a weekend (the "Oklahoma Retreat").

4.5 Residents, including Brewer, who would pay their way were allowed to participate in the retreat.

4.5. Defendant Gaston House employed Chase Bennett ("Bennett") as a driver to transport some participating residents to and from the Oklahoma Retreat.

4.6. Bennett was to be paid to do so.

4.7. Bennett was an employee of Defendant Gaston House for purposes of the Oklahoma Retreat.

4.8. Defendant Gaston House secured and assigned Bennett a car to drive for the Oklahoma Retreat.

4.9. In planning the Oklahoma Retreat, Defendant Gaston House chose the vehicles to be used in transporting the residents, assigned the vehicles to employee-drivers, designated residents to ride in them, planned the events for the weekend, designated the route to drive, and assigned the times to leave for Oklahoma and return to Dallas by caravan.

4.10. Shortly before the Oklahoma Retreat, Bennett was a recent resident of Defendant Gaston House.

4.11. Prior to the Oklahoma Retreat, Defendant Gaston House knew that Bennett had recently traveled to Louisiana to handle some legal troubles.

4.12. At the time that he was employed by Defendant Gaston House to transport residents for the Oklahoma Retreat, Bennett did not have a valid driver's license.

4.13. At the time Bennett began to transport residents to the Oklahoma Retreat, his driver's license was suspended.

4.14. At no time prior to the accident at issue did Defendant Gaston House request from the Department of Public Safety a list of convictions for traffic violations for Bennett.

4.15. At no time prior to the accident at issue did Defendant Gaston House request from the Department of Public Safety a verification that Bennett had a valid license.

4.16. At no time prior to the accident at issue did Defendant Gaston House inspect the vehicle to be used by Bennett for the Oklahoma Retreat transportation.

4.17. Prior to the time of the accident at issue, Defendant Gaston House knew, or should have known, that Bennett did not have a license that was both appropriate and valid.

4.18. Bennett drove three Gaston House residents to the Oklahoma Retreat, including Plaintiff Brewer.

4.19. On September 28, 2016—as assigned and instructed by Defendant Gaston House—Bennett set out to drive his assigned residents in the assigned car back to the Dallas facility from Oklahoma. Plaintiff Brewer was a backseat passenger in the car.

4.20. On that drive, and prior to the wreck, Bennett drove recklessly.

4.21. On that drive, and prior to the wreck, Bennett almost side-swiped a highway patrolman standing alongside the roadway.

4.22. The highway patrolman got in his cruiser, turned on his sirens, and began to chase Bennett.

4.23. Bennett responded imprudently.

4.24. He sped-up to attempt evading the highway patrolman.

4.25. He climbed into the backseat to switch drivers though the car was traveling well above the speed limit.

4.26. Webb Huss ("Huss")—sitting in the shotgun position—attempted to climb into the vacated driver's seat to control the vehicle while it was moving at a high rate of speed.

4.27. By the time Huss climbed into the driver's seat, the car was on the wrong side of the road with a large commercial truck driving toward them.

4.28. Huss attempted to navigate back into the proper lane to avoid the truck and, in doing so, rolled the car.

4.29. It came to a rest upside-down, off the road.

4.30. The wreck occurred while southbound on IH-37, near River Bottom Road.

4.31. Plaintiff Brewer was violently thrown in the car when it swerved and rolled.

4.32. His head shattered the back window.

4.33. His body partially ejected out of the rear window of the car.

4.34. The highway patrolman caught up to them after the wreck and secured the scene.

4.35. Someone at the scene called 911, and Plaintiff Brewer was life-flighted to Medical Center of Plano

4.36. He was hospitalized and treated for his injuries.

4.37. His physical injuries persist today.

4.38. His emotional state deteriorated after the wreck, which also persists today.

# V.
# CAUSES OF ACTION

## A. Negligence

5.1. Defendant Gaston House owed Plaintiff Brewer a duty of care to act reasonably and prudently, including in its transport of Plaintiff Brewer for the Oklahoma Retreat and employing those who would be driving the residents.

5.2. Defendant Gaston House failed to act reasonably and prudently in preparation for and going on the Oklahoma retreat—that is, Defendant was negligent—in:

    a. hiring and agreeing to pay Bennett to transport residents, including Plaintiff Brewer, when Bennett had a suspended driver's license;

    b. failing to properly vet and background check Bennett before hiring and paying him to transport residents, including Plaintiff Brewer;

    c. failing to take into account Bennett's history as a recent resident at the facility, and his legal troubles in Louisiana immediately prior to the Oklahoma Retreat;

    d. failing to provide a qualified and competent driver, with a valid driver's license, to transport residents, including Plaintiff Brewer, for the Oklahoma Retreat; and

    e. failing to properly and reasonably protect and supervise residents driving to and from Oklahoma on the Oklahoma Retreat.

5.3. Defendant Gaston House's failures to act reasonably and prudently proximately caused the wreck made the basis of this lawsuit.

5.4. As a result of the wreck, Plaintiff Brewer has suffered severe physical and mental injuries, which persist today and, in reasonable probability, will continue in the future.

**B.    Negligent Entrustment**

5.5    For purposes of the Oklahoma Retreat, Defendant Gaston House had the right to control the vehicle driven by Bennett in that it secured and assigned the vehicle to Bennett for a trip whose details, including driving itineraries, were planned and directed by Defendant Gaston House.

5.6.    Bennett was an unlicensed, incompetent, and reckless driver when Defendant Gaston House employed him for the Oklahoma Retreat and entrusted him with a car assigned to him by Defendant Gaston House.

5.7.    Defendant Gaston House knew or should have known that Bennett was an unlicensed, incompetent, and reckless driver when employing him for the Oklahoma Retreat.

5.8.    Bennett drove, without a valid driver's license, recklessly in coming home from the Oklahoma Retreat. He failed to act as a reasonable and prudent driver under the same or similar circumstances. This breach proximately caused the wreck in which Plaintiff Brewer was severely injured.

## C. Negligence *Per Se*

5.9. TEXAS TRANSPORTATION CODE section 521.459 requires a Texas employer, prior to employing someone as an operator of a motor vehicle to transport persons or property, to request from the Texas Department of Public Safety (1) a list of convictions for traffic violations contained in the department records on the potential employee and (2) a verification that the person has a valid driver's license. Section 521.459 prohibits employing someone as an operator of a motor vehicle to transport persons or property who does not hold a valid driver's license which is appropriate to operate the vehicle.

5.10. Plaintiff Brewer, as a resident of Gaston House, is in the class of persons Section 521.459 is designed to protect, and his injuries are the type the statute was designed to prevent.

5.11. Defendant Gaston House violated Section 521.459 by failing to request from the Texas Department of Public Safety a list of convictions for traffic violations of Bennett before employing him, and by failing to verify whether he had a valid driver's license. Because Bennett did not have a valid driver's license, Defendant Gaston House was prohibited by Texas law from employing Bennett to drive residents on the Oklahoma Retreat.

5.12. Defendant Gaston House's employing of Bennett, despite his lacking a valid driver's license, proximately caused the wreck in which Plaintiff Brewer was severely

injured because had Defendant Gaston House not employed Bennett to drive the residents, in reasonable probability the wreck would not have occurred.

### D.     Gross Negligence

5.13.   Defendant Gaston House's actions constitute more than mere negligence, or momentary thoughtlessness.  The acts or omissions by Defendant Gaston House also constitute gross negligence. Specifically, the acts or omissions of Defendant Gaston House, in hiring and paying Bennett to transport the residents on the Oklahoma Retreat, with his history as a recent resident in the facility, legal troubles in Louisiana, and a suspended driver's license:

   a.   when viewed objectively from the standpoint of Defendant Gaston House at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

   b.   of which Defendant Gaston House had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## VI.
## DAMAGES

6.1.   As a result of the acts or omissions of Defendant Gaston House and resulting car wreck, Plaintiff Brewer has incurred extensive medical expenses.

6.2.   As a result of the acts or omissions of Defendant Gaston House and resulting car wreck, Plaintiff Brewer has suffered pain and suffering in the past, and in reasonable probability will continue to suffer pain and suffering in the future.

6.3. As a result of the acts or omissions of Defendant Gaston House and resulting car wreck, Plaintiff Brewer has suffered disfigurement in the past, and in reasonable probability will continue to suffer disfigurement in the future.

6.4. As a result of the acts or omissions of Defendant Gaston House and resulting car wreck, Plaintiff Brewer has suffered mental anguish in the past, and in reasonable probability will continue to suffer mental anguish in the future.

6.5. As a result of the acts or omissions of Defendant Gaston House and resulting car wreck, Plaintiff Brewer has suffered physical impairment in the past, and in reasonable probability will continue to suffer physical impairment in the future.

6.6. Plaintiff Brewer seeks and is entitled to exemplary damages as a result of Defendant Gaston House's gross negligence.

## VII.
## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

7.1. Plaintiff seeks prejudgment interest beginning from the date of loss at a rate to be awarded by the Court in its discretion.

7.2. Plaintiff seeks post-judgment interest, in accordance with 28 U.S.C. § 3612 and 18 U.S.C. § 3612.

# VIII.
# INAPPLICABILITY OF
# TEXAS CIVIL PRACTICE AND REMEDIES SECTION 74.351

8.1. Plaintiff takes no position on whether Chapter 74 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE generally applies to his claims. But, even if it does, the Fifth Circuit has held that Chapter 74's expert report requirement—in section 74.351—is *procedural* and conflicts with federal rules and, thus, does not apply to cases in federal court (even assuming they are health care liability claims). *See Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 296-99 (5th Cir. 2016).

# IX.
# PRAYER

Plaintiff prays that Defendant be cited to *Appear* and *Answer* and, upon final trial, that Plaintiff have *Judgment* against Defendant for compensatory damages, exemplary damages, costs of court, prejudgment and post-judgment interest, and for such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*signature: Mike Yanof*

Michael A. Yanof
Texas State Bar No. 24003215
yanof@lenahanlaw.com
Thomas B. Cowart
Texas State Bar No. 00787295
tom@lenahanlaw.com
LENAHAN LAW, P.L.L.C.
2655 Villa Creek, Suite 204
Dallas, Texas 75234
214.295.1008
888.473.2820 toll-free
214.295.2664 fax

ATTORNEYS FOR PLAINTIFF

*Ben Brewer v. Gaston House Transitions, LLC*:
Plaintiff's Original Complaint　　　　　　　　　　　　　　　　　　　　　　Page 13 of 14

# RULE 11 CERTIFICATION

Under FEDERAL RULE OF CIVIL PROCEDURE 11, I certify by my signature herein that, to the best of my knowledge, information, and belief, this *Original Complaint* (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the *Complaint* otherwise complies with the requirements of RULE 11.

_____
Michael A. Yanof
Attorney in Charge for Plaintiff